UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SPIREX CORP., | ) | CASE NO. 1: 08 CV 2458 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| TELAR CORP., et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon Plaintiff Spirex Corporation's Motion To Dismiss Defendant's Counterclaim Or For A More Definite Statement. (ECF # 20.) For the reasons set forth below, Plaintiff's Motion is DENIED.

## I. BACKGROUND

In this case, Defendant Norseman Plastics, Inc. has asserted three counterclaims against Plaintiff,[1] asserting that there is a justiciable controversy concerning the validity, enforceability and infringement of United States Patent No. 5,318,357 ("the '357 patent"). (ECF # 12 at 6.) Defendant provides the following information concerning the '357 patent and its relevance to the instant case:

> On June 7, 1994, the United States Patent and Trademark Office issued [the '357 patent] to Paul N. Colby, Bradley P. Smith, and Shawn P. Bodnar, as the named inventors, and Spirex Corporation as the named assignee. Spirex claims to be the present owner of all right, title and interest in the '357 patent, including the right to sue and recover damages for infringement. On October 16, 2008, Spirex filed its Complaint against Norseman and others, alleging infringement of the '357 patent under Title 35 of the United States Code, by asserting, *inter alia*, that Norseman induced the infringement of the '357 patent by causing Defendants Telar Corp. and

---

[1] On February 3, 2009, Plaintiff filed a Motion for Voluntary Dismissal of its claims against Defendant. (ECF #17). For good cause shown, the Motion was GRANTED. (ECF # 19.) Thus, only the counterclaims remain pending in this action. (*Id.*)

Barrel & Screw International, Inc. to manufacture and sell to Norseman a screw alleged as those claimed in the '357 patent.

(*Id.* at 6-7.) In its first counterclaim, Defendant alleges non-infringement of the '357 patent. (*Id.* at 7.) In its second counterclaim, Defendant claims that the '357 patent is "invalid for failure to comply with the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112." (*Id.* at 8.) In its third counterclaim, Defendant asserts that Plaintiff failed to conduct a mandated investigation prior to filing the instant lawsuit, and that this is an exceptional case under 35 U.S.C. § 285, allowing Defendant to recover attorneys fees. (*Id.* at 8-9.)

On March 2, 2009, Plaintiff filed the instant Motion to Dismiss Defendant's Counterclaim or for a More Definite Statement, relating only to Defendant's second counterclaim. (ECF # 20.) On March 19, 2009, Defendant filed an Opposition to the Motion. (ECF # 21.) Finally, on March 25, 2009, Plaintiff filed a Reply Brief in Support of its Motion. (ECF # 22.) Thus, the Motion has been briefed fully, and is now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a counterclaim-defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the counterclaim-plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the counterclaim-plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.

2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

If the counterclaim-plaintiff fails to provide the counterclaim-defendant with fair notice of the claims, Rule 12(e) provides a means to remedy the deficiency. Specifically, the Rule states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to form a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. Civ. R. 12(e). Thus, the Rule addresses instances in which the counterclaim-plaintiff fails to provide the counterclaim-defendant with fair notice of the claims. *Id.* It is with these standards in mind that the instant Motion must be decided.

### III. DISCUSSION

In this case, Plaintiff, the Counterclaim-Defendant, moves to Dismiss the second

counterclaim, alleging that it fails to adequately plead its request for declaratory judgment of invalidity. (ECF # 20.) In particular, Plaintiff claims that the second counterclaim fails to meet the basic notice pleading requirements required by Rule 8(a)(2). (*Id.* at 3.) According to Plaintiff, Defendant "does not allege any fact that, if true, would support a claim for relief." (*Id.*) Thus, Plaintiff urges that the claim for declaratory judgment of invalidity should be dismissed. (*Id.*) Alternatively, Plaintiff alleges that it cannot form a responsive pleading to the counterclaim as written, and requests that this Court grant its motion for a more definite statement. (*Id.* at 4.)

In this instance, the Court finds Plaintiff's Motion to be without merit. In its counterclaim, Defendant has named the patent at issue and identified the grounds upon which it is allegedly invalid. The Court finds that, at this stage of the litigation, Defendant has satisfied the applicable pleading requirements in Rule 8, thereby allowing it to proceed in challenging the validity of the patent. Given that discovery has not yet been completed, the Court finds that to rule out Defendant's second counterclaim at this stage of the litigation would be premature. Hence, the Motion to Dismiss is DENIED without prejudice to address this issue in a motion for summary judgment. Further, because Defendant has provided Plaintiff with fair notice of the claim, the Motion For A More Definite Statement is likewise DENIED.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Spirex Corporation's Motion To Dismiss Defendant's Counterclaim Or For A More Definite Statement is DENIED. (ECF # 20.)

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: *April 30, 2009*